```
                  UNITED STATES DISTRICT COURT
                   NORTHERN DISTRICT OF OHIO


CORDELL ELLISON SMITH,            )   CASE NO. 1:06 CV 2498
                                  )
          Plaintiff,              )   JUDGE CHRISTOPHER A. BOYKO
                                  )
     v.                           )
                                  )   MEMORANDUM OF OPINION
CHARLOTTE MECKLENBURG POLICE DEPT.,)  AND ORDER
                                  )
          Defendant.              )
```

On October 17, 2006, plaintiff pro se Cordell Ellison Smith filed this in forma pauperis action under 42 U.S.C. § 1983 against the Charlotte Mecklenburg Police Department. The complaint alleges that, in January 2002, plaintiff was incarcerated at the Charlotte Mecklenburg Jail in North Carolina, and that $286 was confiscated from him at that time and never returned.

Review of the complaint indicates the specific events and omissions of which plaintiff complains occurred in North Carolina, where defendant is located. Therefore, North Carolina is the only proper venue for this matter. 28 U.S.C. § 1391(b).[1]

---

[1] Title 28 U.S.C. § 1391(b) provides:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as
(continued...)


Title 28 U.S.C. § 1406(a) provides that an improperly venued action shall be dismissed unless it is "in the interest of justice" that it be transferred to a district or division in which it could have been brought. For the reasons stated below, the court finds that it would not be in the interest of justice to transfer this matter, and this action is therefore dismissed pursuant to 28 U.S.C. § 1915(e).

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[2]  Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City

---

[1](...continued)
otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

[2] A claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996).

As a threshold matter, the statute of limitations for bringing a section 1983 claim expired well before plaintiff filed this action. Browning v. Pendleton, 869 F. 2d 989 (6th Cir. 1989) (Ohio's two year statute of limitations for bodily injury applies to section 1983 claims). Further, intentional deprivations of personal property do not violate the due process clause, provided that adequate post-deprivation remedies are available. Hudson v. Palmer, 468 U.S. 517, 533 (1984); Parratt v. Taylor, 451 U.S. 527, 543 (1981). Plaintiff must plead and prove the absence of adequate state remedies to redress the deprivation of property prior to bringing that claim in a section 1983 action in federal court. Vicory v. Walton, 721 F.2d 1062 (6th Cir. 1983); Flournoy v. Morris, No. 86-3787, 1987 WL 36063 (6th Cir. May 22, 1987). The complaint contains no allegations concerning the adequacy of state court remedies in North Carolina.

Accordingly, this action is dismissed under section 1915(e). Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

S/Christopher A. Boyko
CHRISTOPHER A. BOYKO
UNITED STATES DISTRICT JUDGE

DATE: November 15, 2006